## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| **FANNIE MCCORD BIVINS,** | |
| **Plaintiff,** | |
| **v.** | **1:16-cv-302-WSD** |
| **NATIONSTAR MORTGAGE, LLC,** **and S&A PALM, LLC,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Nationstar Mortgage, LLC's

("Nationstar") Motion to Dismiss [8] Fannie McCord Bivins's ("Plaintiff")

Complaint [1.1 at 12-20]. Also before the Court is S&A Palm, LLC's ("S&A")

Motion to Dismiss [12], which the Court construes as S&A's Motion for Judgment

on the Pleadings.[1] The Court also considers Plaintiff's "Motion in Opposition of

---

[1]   Because S&A's Motion to Dismiss was filed after its Answer, the Court construes it as a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. See Whitehurst v. Wal-Mart Stores East, L.P., 329 F. App'x 206, 208 (11th Cir. 2008) ("A party's Rule 12(b)(6) motion to dismiss for failure to state a claim is a nullity if the party files that motion after raising the defense of failure to state a claim in its answer. But the court may construe the Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c).") (citing Byrne v. Nezhat, 261 F.3d 1075, 1093 n.35 & 1096 n. 46 (11th Cir. 2001)). Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6)

Defendant Nationstar Mortgage, LLC [sic] Notice of Removal" [20], which the Court construes as her Motion to Remand, and Plaintiff's Motion for Leave to File Amended Complaint [28] ("Motion to Amend").

## I.    BACKGROUND

On March 28, 2005, Plaintiff obtained a loan in the amount of $223,920.00 from Midtown Bank & Trust Company ("Midtown Bank").  (Security Deed [8.2] at 1).[2]  Repayment of the loan was secured by a deed ("Security Deed") to real property located at 230 E. Ponce De Leon Avenue, Unit #609, Decatur, Georgia (the "Property").  (Id. at 3).  Plaintiff executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Midtown Bank and Midtown Bank's successors and assigns.  (Id.).  Under the terms of the Security Deed, Plaintiff "grant[ed] and convey[ed] to MERS (solely as

---

motion to dismiss.  See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002).

[2]      Nationstar attaches to its Motion to Dismiss copies of the Security Deed, Assignment and Deed Under Power, which were filed with the Clerk of the Superior Court of DeKalb County, Georgia.  These documents are matters of public record and the Court may consider them.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on information in those records).

nominee for [Midtown Bank] and [Midtown Bank's] successors and assigns) and the successors and assigns of MERS, with power of sale, the [Property]."  (Id.).

At some point, Aurora Loan Services ("Aurora") became Plaintiff's loan servicer.  (Compl. ¶ 6).  Plaintiff asserts that Aurora improperly applied Plaintiff's loan payments and wrongfully "kept the Plaintiff's loan in default for a prolonged period of time."  (Pet. for TRO [1.1 at 3-11] ¶ 5).[3]  Plaintiff alleges that, as a result of an "Independent Foreclosure Review," Plaintiff was "refunded monies" and her loan was no longer treated as being in default.  (Id.).

On May 24, 2013, MERS, as nominee for Midtown Bank, assigned the Security Deed to Nationstar.  (Assignment [8.4]).  The Assignment states that:

> [MERS], as nominee for Midtown Bank [], its successors and assigns . . . does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to Nationstar . . . .

(Id.).

On November 3, 2015, Nationstar conducted a foreclosure sale of the Property, and S&A purchased the Property at the foreclosure sale.  (Compl. ¶ 1;

---

[3]     Plaintiff submitted with her Complaint "Plaintiff's Petition for Temporary and Permanent Restraining Order Against Defendants to Stop Defendants from Transferring and or Selling Plaintiff's Real Property, and Brief in Support Thereof" [1.1 at 3-11] ("Petition for TRO").  Plaintiff's Petition for TRO and her Complaint are numbered consecutively and it appears that Plaintiff intended to incorporate her Petition for TRO into her Complaint.  The Court construes Plaintiff's Petition for TRO and her Complaint together and as a whole.

Pet. for TRO ¶ 2).  Plaintiff alleges that Nationstar did not send Plaintiff notice of the foreclosure sale.  (Compl. ¶ 8).

On December 14, 2015, S&A filed a dispossessory action against Plaintiff in the Magistrate Court of DeKalb County.  (Pet. for TRO ¶ 11).

On December 29, 2015, Plaintiff, represented by counsel, filed her Complaint in the Superior Court of DeKalb County, Georgia.  Plaintiff asserts claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), and state-law claims for wrongful foreclosure, breach of contract and punitive damages.

On February 1, 2016, Nationstar removed the DeKalb County Action to this Court based on federal question jurisdiction.  (Notice of Removal [1]).

On February 8, 2016, Nationstar moved to dismiss Plaintiff's Complaint for failure to state a claim for relief.  (Mot. Dismiss [8]).

On February 9, 2016, S&A filed its Motion for Judgment on the Pleadings. (Mot. J. Pleadings [12]).

On April 13, 2016, Plaintiff moved to remand this case to state court because, she asserts, removal was untimely.  (Mot. Remand at 3).

On June 1, 2016, Plaintiff filed her Motion to Amend.  Defendants oppose Plaintiff's Motion to Amend, including because Plaintiff did not submit a proposed amended complaint and because, they argue, amendment would be futile.

The Court first considers Plaintiff's Motion to Remand.

## II.   DISCUSSION

### A.   Plaintiff's Motion to Remand

It is undisputed that the Court has federal question subject matter jurisdiction over Plaintiff's FDCPA and RESPA claims.  Plaintiff argues, however, that this action must be remanded because removal was untimely.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Removal must comply with 28 U.S.C. § 1446, which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b)(1).  The 30-day period for removal begins to run when the defendant is formally served with the summons and complaint.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Bailey v. Janssen

Pharmaceutica, Inc., 536 F.3d 1202, 1205 (11th Cir. 2008) (citing Murphy).

Here, Nationstar was served with the summons and Complaint on December 31, 2015 [21.1], and the thirty-day period for removal would have expired on January 30, 2016. See 288 U.S.C. § 1446(b). Because January 30, 2016, was a Saturday, however, the removal period expired on Monday, February 1, 2016. See Fed. R. Civ. P. 6(a)(1)(C) (time limit to act extended to first accessible day after a Saturday, Sunday, or legal holiday, if last day of period falls on one of those days); see also Despres v. Ampco-Pittsburgh Corp., 577 F. Supp. 2d 604, 609 (D. Conn. 2008) (removal timely under § 1446(b), where 30-day period for removal expired on Saturday, Fed. R. Civ. P. 6 extended removal deadline to next regular weekday, and notice of removal was filed on Monday). Nationstar filed its Notice of Removal on February 1, 2016, and thus removal was timely. Plaintiff's Motion to Remand is denied.[4]

The Court next considers Nationstar's Motion to Dismiss and S&A's Motion for Judgment on the Pleadings.

---

[4] The Court also notes that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); Adv. Bodycare Solutions, LLC v. Thione Intern., Inc., 524 F.3d 1235 (11th Cir. 2008) (although removal was untimely, untimeliness was a procedural, not jurisdictional, defect). Plaintiff's Motion to Remand, filed on April 13, 2016, is untimely and is required to be denied for this additional reason.

B.    Motion to Dismiss and Motion for Judgment on the Pleadings

1.    Legal Standards

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss. See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir. 2011); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); Provident Mut. Life Ins. Co. of Phila. v. City of Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.").

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ.,

495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc.,

187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  The Court is not required to accept a

plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d

1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)),

abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —,

132 S. Ct. 1702 (2012).  The Court also will not "accept as true a legal conclusion

couched as a factual allegation."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007).  The complaint, ultimately, is required to contain "enough facts to state

a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

To state a plausible claim for relief, the plaintiff must plead factual content

that "allows the Court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more

than a "sheer possibility that a defendant has acted unlawfully," and a complaint

that alleges facts that are "merely consistent with" liability "stops short of the line

between possibility and plausibility of 'entitlement to relief.'"  Id. (citing

Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA,

569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts"

standard has been overruled by Twombly, and a complaint must contain "sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its

face.").  "A complaint is insufficient if it 'tenders naked assertions devoid of

further factual enhancement.'"  Tropic Ocean Airways, Inc. v. Floyd,

598 F. App'x 608, 609 (11th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state

legal conclusions; they are required to allege some specific factual bases for those

conclusions or face dismissal of their claims."  Jackson v. BellSouth Telecomms.,

372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA,

597 F. App'x 1015, 1017 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted

deductions of facts or legal conclusions masquerading as facts will not prevent

dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188

(11th Cir. 2002)).[5]

     2.    Analysis

     a.    Violation of the FDCA

The FDCPA prohibits debt collectors from, among other things, using "false,

deceptive, or misleading representation or means in connection with the collection

of any debt."  15 U.S.C. § 1692e.  To state a claim for relief under the FDCPA, a

---

[5]    Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short
and plain statement of the claim showing that the pleader is entitled to relief."
Fed. R. Civ. P. 8(a)(2).  In Twombly, the Supreme Court recognized the liberal
minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that
"[f]actual allegations must be enough to raise a right to relief above the speculative
level . . . ."  Twombly, 550 U.S. at 555.

plaintiff must allege that: (1) the defendant is a "debt collector;" (2) the challenged conduct is related to debt collection activity; and (3) the defendant engaged in an act or omission prohibited by the FDCPA.  Gardner v. TBO Capital, LLC, 986 F. Supp. 2d 1324, 1332 (N.D. Ga. 2013) (citing Reese v. Ellis, Painter, Ratteree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012)); Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011).

Here, Plaintiff fails to allege any facts to support that Nationstar[6] is a "debt collector" for purposes of the FDCPA.  Under the FDCPA, a "debt collector" is one who engages "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6); see also White, 597 F. App'x at 1020; Reese, 678 F.3d at 1218.  This definition excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F)(iii).  Put another way, "a person who otherwise meets the definition

---

[6]   Plaintiff's claims are titled "Claims against Nationstar Mortgate, [sic] LLC for violation of the [FDCPA]" and "Claim against Nationstar Mortgate [sic] LLC for violation of the [RESPA]," and her assertions in support of these claims reference only Nationstar.  (See Compl. ¶¶ 13-23).  Accordingly, to the extent Plaintiff intended to assert these claims against S&A, S&A's Motion for Judgment on the Pleadings is granted with respect to Plaintiff's FDCPA and RESPA claims.

of 'debt collector' may be excluded from the term if he obtained a debt from another, he is collecting the debt for another, *and* the debt was acquired prior to default." Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1314 (11th Cir. 2015) (citing 15 U.S.C. § 1692a(6)(F)(iii)) (emphasis in original). "Entities falling within this exclusion include "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing." Id. at n.4 (quoting S. Rep. No. 95–382, at 3-4).

In her Complaint, Plaintiff conclusorily asserts that Nationstar "regularly attempts to collect debts alleged to be due to another." (Compl. at ¶ 16).  The record supports, and Plaintiff does not dispute, that Nationstar is the holder of Plaintiff's loan.  (See id. ¶ 6 ("[Plaintiff's] Note was assigned to Nationstar."); Pet. for TRO ¶ 5).  The record is that on May 24, 2013, MERS assigned the Security Deed to Nationstar.  Under the plain language of the Assignment, MERS, as nominee for Midtown Bank, assigned the Security Deed "with all interest secured thereby, all liens and any rights due or to become due thereon to Nationstar." (Assignment).[7]  Thus it appears that Nationstar is not collecting a debt "alleged to

---

[7]    The Court also notes that O.C.G.A. § 44-14-64(b) provides: "Transfers of deeds to secure debt may be endorsed upon the original deed or by a separate instrument identifying the transfer and shall be sufficient to transfer the property therein described and the indebtedness therein secured, whether the indebtedness is evidenced by a note or other instrument or is an indebtedness which arises out of

be due to another," but rather, is collecting a debt owed to Nationstar.  See 15 U.S.C. § 1692a(6) (debt collector is one who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or *due another*") (emphasis added); see also Davidson, 797 F.3d at 1315 ("[A] person must regularly collect or attempt to collect debts *for others* in order to qualify as a 'debt collector' under the second definition of the term.") (emphasis in original).

Even if Nationstar is collecting a debt owed to another, Plaintiff contends that she has not defaulted on her loan, including when the Security Deed was assigned to Nationstar.  (See Pet. for TRO ¶ 5).  It is well-settled that, under the FDCPA, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."  Fenello v. Bank of Am., N.A., 926 F. Supp. 2d 1342, 1350 (N.D. Ga. 2013); see also Davidson, 797 F.3d at 1314.  Plaintiff fails to allege facts to support that Nationstar is a "debt collector" under the FDCPA.  See Reese, 678 F.3d at 1218; White, 597 F. App'x at 1020.  Plaintiff's FDCPA claim is required to be dismissed.[8]

---

the terms or operation of the deed, together with the powers granted without specific mention thereof."

[8]    Even if she alleged facts to support that Nationstar is a debt collector—which she does not—Plaintiff fails to specify any provision of the FDCPA that Nationstar allegedly violated.  Plaintiff conclusorily asserts that Nationstar's

b.    Violation of the RESPA

The RESPA imposes certain requirements on servicers of federally-related

mortgage loans, including responding to inquiries and providing certain notices to

borrowers.  "If the servicer does not comply with RESPA's deadlines, the

borrower can recover actual damages from the failure to communicate, but the

borrower is limited to actual damages unless there is a 'pattern or practice of

noncompliance.'"  Marks v. PHH Mortg. Corp., No. 5:11-cv-167 (CAR), 2011 WL

5439164, at *3 (M.D. Ga. Nov. 9, 2011) (citing 12 U.S.C. § 2605(f)).  To show

actual damages, a plaintiff must "demonstrate that [d]efendant's breach

proximately caused the alleged damages."  Russell v. Nationstar Mortg., LLC,

No. 14-61977-CIV, 2015 WL 5029346, at *6 (S.D. Fla. Aug. 26, 2015).  An

allegation of damages is a necessary element of a RESPA claim.  See

Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010).

---

FDCPA violations include "failure to provide Plaintiff with proper notice of
foreclosure sale, failure to notify Plaintiff the right [sic] to reinstate under the
subject security deed, failure to provide Plaintiff with exact reinstatement figures
and more importantly the unlawful use of robo signing."  (Compl. ¶ 18).  The
complained-of conduct appears to relate only to foreclosure proceedings, and the
Eleventh Circuit has held that "foreclosing on a security interest is not debt
collection activity for purposes of § 1692g."  Warren v. Countrywide Home Loans,
Inc., 342 F. App'x 458, 460 (11th Cir. 2009).  Plaintiff fails to allege any facts to
support that Nationstar's conduct is related to debt collection activity or that
Nationstar engaged in an act or omission prohibited by the FDCPA.  See Gardner,
986 F. Supp. 2d at 1332; Reese, 678 F.3d at 1216.  Plaintiff's FDCPA claim is
required to be dismissed for this additional reason.

Here, Plaintiff's RESPA claim consists of four (4) sentences: one which simply incorporates the nineteen (19) preceding paragraphs, another that states "[i]t appears that Plaintiff's alledged [sic] loan with Defendant Nationstar is subject to [RESPA]," and the other two which assert that "Defendant never sent Plaintiff notices as required under RESPA," and that "[a]s a result of Defendant's violation of RESPA, the Plaintiff suffered actual damages and is entitled to statutory damages pursuant to RESPA."  (Compl. ¶¶ 20-23).  Plaintiff fails to identify what provision of RESPA Nationstar allegedly violated or what notices Nationstar was required, but failed, to send Plaintiff.  Plaintiff's conclusory assertions are not sufficient to support a claim for violation of RESPA.  See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Jackson, 372 F. 3d at 1263 ("[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.").

Plaintiff further fails to allege facts to support that Nationstar's alleged failure to send her these unspecified notices caused her damages, and she does not otherwise assert that Nationstar engaged in a pattern or practice of violating RESPA such that she could recover statutory damages.  See 12 U.S.C. §§ 2605(f)(1)(A)-(f)(1)(B); Marks, 2011 WL 5439164 at *3.  Plaintiff fails to state

14

a claim for violation of RESPA.  See Frazile, 382 F. App'x at 836.  Plaintiff's

RESPA claim is required to be dismissed.[9]

    C.    <u>Plaintiff's Motion to Amend</u>

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file

one amended complaint as a matter of course, if the amended complaint is filed

either within 21 days of service of the original complaint or within 21 days of the

defendant's filing of a responsive pleading or Rule 12 motion to dismiss.  See

Fed. R. Civ. P. 15(a)(1).  Amended complaints filed outside of these time limits

may be filed only "with the opposing party's written consent or the court's leave."

See Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court

should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P.

15(a)(2).  "There must be a substantial reason to deny a motion to amend."

Laurie v. Ala. Court of Criminal Appeals, 256 F.3d 1266, 12744 (11th Cir. 2001).

"Substantial reasons justifying a denial include "undue delay, bad faith, dilatory

motive on the part of the movant, . . . undue prejudice to the opposing party by

---

[9]    Because Plaintiff's proposed amendments to her FDCPA and RESPA claims
would be futile and because the Court declines to exercise supplemental
jurisdiction over Plaintiff's state law claims, as discussed below, the Court does
not reach of the merits of Plaintiff's remaining claims.

virtue of allowance of the amendment, [and] futility of amendment." Id. (citing

Foman v. Davis, 371 U.S. 178, 182 (1962)).

Plaintiff does not attach a proposed amendment and it is difficult to discern

the substance of any proposed amendment.[10]  In her Motion to Amend, Plaintiff

asserts that the "proposed amended complaint will maintain the counts and

allegations against the same Defendants from the original complaint, including the

facts that the amended complaint will give more definite statements as to the

Counts set forth in the original complaint . . . ." (Mot. to Amend at 1).  Much of

Plaintiff's Motion to Amend consists of unrelated summary and background

information about the FDCPA and RESPA, without any specific allegation or facts

to support that Defendants violated these statutes.  The scant facts Plaintiff does

seek to add appear to relate only to the servicing history of Plaintiff's loan and

events that occurred before the November 3, 2015, foreclosure sale.  These facts

were known to Plaintiff at the time she filed her Complaint on December 29, 2015,

and Plaintiff fails to explain why she could not have asserted these new theories of

---

[10]   Plaintiff's Motion to Amend may be denied for this reason alone.  See
Gibbs v. United States, 517 F. App'x 664, 669-670 (11th Cir. 2013) (affirming
district court's denial of motion to amend where plaintiff failed to attach proposed
amendment and it was unclear what cause of action he sought to assert, stating that
plaintiff's "failure to articulate a viable claim in his second amended complaint and
his failure to attach a proposed amended complaint to his motion . . . show the
futility of granting him leave to amend").

liability or additional facts in her Complaint.  "Such unexplained tardiness constitutes undue delay."  Carruthers v. BSA Advertising, Inc., 357 F.3d 1213, 1218 (11th Cir. 2004); see also Maynard v. Bd. of Regents, 3422 F.3d 1281, 1287 (11th Cir. 2003) (denial of motion to amend was proper where "there seems to be no good reason why [the plaintiff] could not have made the motion earlier").

Even if Plaintiff's Motion to Amend was timely, Plaintiff's proposed amendment to her FDCPA and RESPA claims would be futile.  "[T]he denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999).  "Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim."  Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).  In her Motion to Amend, Plaintiff does not address the deficiencies in the FDCPA and RESPA claims she asserted in her original Complaint.  Plaintiff's proposed amendment fails to allege any facts to show that Nationstar is a "debt collector" under the terms of the FDCPA, and her proposed amendment lacks any facts to support that she is entitled to damages, actual or statutory, for Nationstar's claimed RESPA violations.  Plaintiff's proposed amendment fails to state a claim for

violation of the FDCPA or RESPA.  See Reese, 678 F.3d at 1218; White, 597 F. App'x at 1020; Frazile, 382 F. App'x at 836.  Plaintiff's Motion to Amend is denied with respect to her FDCPA and RESPA claims.

> D.    Exercise of Supplemental Jurisdiction

Plaintiff's FDCPA and RESPA claims, now dismissed, were the only claims in this action over which the Court had original subject matter jurisdiction.  The remaining claims in this action involve only state law causes of action, over which the Court may, but is not required to, exercise supplemental jurisdiction.  See 28 U.S.C. § 1367(a) (conferring district courts with supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy").

The exercise of supplemental jurisdiction is discretionary.  See 28 U.S.C. § 1367(c); United Mines Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).  A district court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In making this determination, the district court should consider the factors articulated by the Supreme Court in <u>Gibbs</u>: judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together.  <u>Palmer v. Hosp. Auth.</u>, 22 F.3d 1559, 1569 (11th Cir. 1994) (citing <u>Gibbs</u>, 383 U.S. at 725–26).

The Court has discretion to decline to exercise jurisdiction over this case because, in dismissing Plaintiff's FDCPA and RESPA claims, the Court "has dismissed all claims over which it has original jurisdiction" and the remaining state law claims "substantially predominate" over the now-dismissed federal claims. <u>See</u> 28 U.S.C. § 1367(c)(2)-(3); <u>Parker v. Scrap Metal Processors, Inc.</u>, 468 F.3d 733, 744 (11th Cir. 2006) (explaining that a "federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case") (internal quotation omitted); <u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.</u>, 402 F.3d 1092, 1123 (11th Cir. 2005) (explaining that when "no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction").

In considering the relevant <u>Gibbs</u> factors, the Court finds that judicial economy favors declining to exercise supplemental jurisdiction.  The Court has not expended considerable resources at this stage of litigation.  <u>See Carnegie-Mellon</u>

Univ. v. Cohill, 484 U.S. 343, 351 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); Lake Cnty. v. NRG/Recovery Grp., Inc., 144 F. Supp. 2d 1316, 1319 (M.D. Fla. 2001) (remanding where the federal court had not expended a significant amount of judicial labor).  Judicial economy also favors the resolution in state court of state law disputes between in-state defendants.  See Gibbs, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between parties, by procuring for them a surer-footed reading of applicable law."); see also Baggett v. First Nat'l Bank, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law."); Hudson v. Cent. Ga. Health Servs., No. 5:04-cv-301, 2005 WL 4145745, at *10 (M.D. Ga. Jan. 13, 2005) ("[I]t is preferable for the courts of Georgia to make rulings on issues of Georgia law rather than to have federal courts do so, even when those federal courts are in Georgia."); cf. Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243-44 (11th Cir. 2007) (in non-removed cases, district court must dismiss a federal question case if the plaintiff later drops its federal claims).

20

The convenience and fairness factors do not compel the Court to exercise its supplemental jurisdiction.  The parties are not inconvenienced by being required to litigate in the Superior Court of DeKalb County, and there is no indication that requiring them to litigate in state court is unfair to any party.  Applying the factors in Gibbs, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, and remand is appropriate.  See Cook, 402 F.3d at 1123 ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim[s] should be remanded to state court.").

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Fannie McCord Bivins's "Motion in Opposition of Defendant Nationstar Mortgage, LLC [sic] Notice of Removal" [20] is **DENIED**.

**IT IS FURTHER ORDERED** that Nationstar Mortgage, LLC's Motion to Dismiss [8], and S&A Palm, LLC's Motion to Dismiss, which the Court construed as a Motion for Judgment on the Pleadings [12], are **GRANTED** with respect to

Plaintiff's claims for violation of the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act.[11]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [28] is **DENIED** with respect to Plaintiff's claims for violation of the Fair Debt Collection Practices Act and Real Estate Settlement Procedures Act.

**IT IS FURTHER ORDERED** that this action, including all claims based on state law, is **REMANDED** to the Superior Court of DeKalb County, Georgia.

**SO ORDERED** this 14th day of July, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[11]     Because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, Nationstar's Motion to Dismiss and S&A's Motion for Judgment on the Pleadings, with respect to Plaintiff's state law claims, are deferred to the Superior Court of DeKalb County.